**FIDELITY SAV. CO. v. FAWCETT et al.**

Court of Appeals of District of Columbia. Submitted October 10, 1927. Decided November 7, 1927.

No. 4560.

**1. Exemptions ⟾48(1)—Resident of District for more than two months before issuance of writ, receiving more than $100 in each month, held not entitled to further exemption (Code, § 1107).**

Under Code, § 1107, providing "the earnings, not to exceed $100 each month, of all actual residents of the District of Columbia * * * for two months next preceding the issuing of any writ or process * * * shall be exempt from attachment, levy, seizure, or sale, * * *" a resident of the District for more than two months preceding issuance of writ of garnishment, and who had received more than $100 during each of such months, was not entitled to further exemption on theory that the limitation of two months referred to the period that a wage-earner must be a resident of the District to be entitled to any exemption.

**2. Statutes ⟾181(1)—Statute should be construed to give effect to intent of Congress.**

Court construing statute has duty to give effect to the intent of Congress.

**3. Statutes ⟾188—Congressional intent should be ascertained by giving words their natural significance, unless unreasonable result at variance with legislative policy is thereby attained.**

Intent of Congress is to be ascertained by giving words of statute their natural significance, unless such course leads to an unreasonable result plainly at variance with the legislative policy.

**4. Exemptions ⟾48(1)—Actual resident of District is entitled to exemption accorded by statute, regardless of time residence was commenced (Code, § 1107).**

The requirement of actual residence contained in Code, § 1107, providing that "earnings, not to exceed $100 each month, of all actual residents of the District of Columbia * * * for two months next preceding the issuance of any writ or process * * * shall be exempt from attachment, levy, seizure, or sale," relates to the time of the issuance of the writ, and an actual resident is entitled to the protection of the statute, regardless of the period of time covered by his residence in the District.

Appeal from Supreme Court of District of Columbia.

Garnishment proceeding by the Fidelity Savings Company against Thomas B. Fawcett, with the Washington Terminal Company, garnishee. From a judgment quashing attachment and garnishment, plaintiff appeals. Judgment reversed, and cause remanded.

G. C. Shinn and V. B. Lowrey, both of Washington, D. C., for appellant.

Mark Stearman, Henry Stearman, G. E. Hamilton, J. J. Hamilton, G. E. Hamilton, Jr., E. Brady, and H. R. Gower, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District of Columbia quashing an attachment and garnishment.

[1] Appellant, the Fidelity Savings Company, holding a judgment against the appellee Fawcett, sued out a writ of attachment and garnishment against the appellee Washington Terminal Company, which was served on the Terminal Company April 12, 1926. Fawcett had been a resident of the District of Columbia for more than two months next preceding the issuance of the writ. He had received for work covering that period more than $100.00 each month and there was due him, when the writ was served on the Terminal Company, $69.90. The case turns on the interpretation of section 1107 of our Code, which reads as follows:

"Sec. 1107. *Earnings.*—The earnings, not to exceed one hundred dollars each month, of all actual residents of the District of Columbia who provide for the support of a family in said District, for two months next preceding the issuing of any writ or process from any court or officer of and in said District, against them, shall be exempt from attachment, levy, seizure, or sale upon such process, and the same shall not be seized, levied on, taken, reached, or sold by attachment, execution, or any other process or proceedings of any court, judge, or other officer of and in said District."

It is the contention of the appellee that the limitation of two months in the statute refers to the period a wage-earner must be a resident of the District of Columbia to become entitled to any exemption, and that if he has been an actual resident for two months there is no limitation of the exemption period, the amount being limited to $100 each month; in other words, that if, for example, the wage-earner has been an actual resident of the District for two months at the time the writ is issued, and there is due him from the party garnisheed $1,000, the whole amount will be exempt, provided the monthly wage does not exceed $100. Appellant, on the other hand, contends that the statute fixes no limitation upon the length of time the wage-earner must reside in the District of

Columbia to be within its terms, but that the period of exemption is "two months next preceding the issuing of any writ or process."

[2, 3] Section 1107 is a part of chapter 27 of our Code, relating to exemptions of householders, and is expressive of a public policy. Our duty is to give effect to the intent of Congress, and this intent is to be ascertained by giving to the words of the statute their natural significance, unless this would lead to an unreasonable result plainly at variance with the policy of the legislation. Ozawa v. United States, 260 U. S. 178, 194, 43 S. Ct. 65, 67 L. Ed. 199.

Section 1105 of this chapter 27 of the Code exempts from attachment all wearing apparel, household furnishings not exceeding $300 in value, provisions for three months' support, fuel for the same period, and mechanics' tools of the value of $200, with $200 worth of stock for carrying on the business of the debtor or his family. Having thus exempted the incidents of the debtor's home, Congress exempted his "earnings * * * for two months next preceding the issuing of any writ or process, *. * *" not to exceed $100 each month, provided the wage-earner be an actual resident of the District of Columbia. In other words, having protected the incidents of his home, Congress, by section 1107, secured to the debtor for the support of his family $200 out of his earnings for the two months next preceding the issuance of the writ or process, or not to exceed $100 for each month.

[4] The requirement as to actual residence relates to the time of the issuance of the writ, and if a wage-earner then is an actual resident he is entitled to the protection of the statute, regardless of the period of time covered by his residence here. The object of the statute is the protection of the debtor's family from immediate want, and that object is attained if $100 each month for two months is secured to him.

Appellant, therefore, was entitled to a judgment for the amount in the hands of the appellee Washington Terminal Company, the debtor already having been paid more than $200 for the two months next preceding the attachment.

Judgment reversed, with costs, and cause remanded.

Reversed and remanded.